IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL FERNANDEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| 320 First St., NW | ) |
| Washington, DC 20534 | ) |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| 950 Pennsylvania Ave., NW | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1.      Plaintiff DANIEL FERNANDEZ brings this suit to force Defendants FEDERAL BUREAU OF PRISONS and U.S. DEPARTMENT OF JUSTICE to conduct a reasonable search, issue a determination, and produce historical records from BOP's Office of Legal Counsel related to constitutional and civil rights matters in prisons and jails.

## PARTIES

2.      Plaintiff DANIEL FERNANDEZ is a graduate student in the Department of History at the University of Chicago and made the FOIA request at issue in this case in connection with his research.

3.      Defendant FEDERAL BUREAU OF PRISONS is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.      Defendant U.S. DEPARTMENT OF JUSTICE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. DOJ is the parent agency of BOP.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## SEPTEMBER 19, 2024 FOIA REQUEST TO BOP

7. On September 19, 2024, Plaintiff submitted a FOIA to BOP seeking the following records:

> 1. Legal memorandum and opinions prepared by Eugene N. Barkin and Clair A. Cripe in connection to their duties at BOP prior to 1981.
>
> 2. Subject file records created by BOP's General Counsel before 1981 related to constitutional and civil rights matters in prisons and jails
>
> You should be aware that BOP's Central Office subject files were acknowledged and described as "permanent" records under National Archives and Records Administration schedule N1-129-00-021. However, an archivist at the National Archives, informed me via email that "it appears that BOP has never transferred any of these records to us."
>
> You may choose to begin your search by locating responsive records based on schedule N1-129-00-021. However, you should not construe my request as being limited to only the records described in schedule N1-129-00-021.

8. A true and correct copy of the FOIA request is attached as Exhibit 1.

9. On September 24, 2024, BOP acknowledged receipt of the FOIA request, assigned reference number 2024-05789 to the matter, and placed the request in the "complex" processing track.

10. A true and correct copy of the correspondence is attached as Exhibit 2.

11. On September 25, 2024, Plaintiff requested an estimated date of completion and asked BOP to confer about narrowing the scope of the FOIA request. *Id*.

12. On October 3, 2024, Plaintiff called BOP's FOIA office and requested to speak with the FOIA officer assigned to the FOIA request to confer about the scope of the request.

13. On October 7, 2024, having received no response to his email or phone call, Plaintiff sent another follow-up message to BOP seeking an estimated date of completion and inquiring about the status of the request. *Id*.

14. On October 7, 2024, BOP provided an estimated date of completion of January 1, 2025.

15. A true and correct copy of the correspondence is attached as Exhibit 3.

16. On October 15, 2024, Plaintiff narrowed the scope of the FOIA request and offered to discuss a production schedule if it would assist BOP in complying with its timely disclosure requirements under FOIA. *Id*.

17. On December 2, 2024, Plaintiff sent a message to BOP inquiring about the status of the request. *Id*.

18. On January 16, 2025, after BOP's estimated date of completion had passed, Plaintiff sent a message to BOP inquiring about the status of the request and seeking an estimated date of completion. *Id*.

19. On January 16, 2025, BOP stated that it was "still awaiting records" and was "unable to begin processing the documents" until it received them. BOP indicated that it could not provide "a genuine estimated date of completion and instead would have to speculate that it will be another three months." *Id*.

20. On February 12, 2025, Plaintiff sent a message to BOP seeking an estimated date of completion and inquiring about the status of the request, including whether the search for records had been completed and how many pages had been located. *Id*.

21. On February 21, 2025, BOP stated, "no further action has been taken as we have not yet received records responsive to your request," adding that processing of requests in the complex track "are estimated to [be] around nine months." *Id*.

22. On July 22, 2025, Plaintiff sent a follow-up message to BOP inquiring about the status of the request, asking what steps BOP had taken since it last provided an update and what steps BOP planned to take to take in the next three months to process the request. *Id*.

23. On August 12, 2025, BOP stated that it "[had] yet to receive a response from the likely custodian" regarding the FOIA request. *Id*.

24. On January 21, 2026, Plaintiff sent a message to BOP seeking an estimated date of completion and inquiring about the status of the request, including whether the search for records had been completed and how many pages had been located. *Id*.

25. On February 12, 2026, BOP stated, "there has been no change in status since your last request" and "a search for records responsive to [the] request is still being conducted." BOP did not provide an estimated date of completion. *Id*.

26. BOP did not send any further correspondence to Plaintiff regarding this request.

27. As of the date of this filing, BOP has not issued a determination on Plaintiff's request.

28. As of the date of this filing, BOP has failed to make any responsive records promptly available to Plaintiff.

## COUNT I – BOP'S FOIA VIOLATION

29. Paragraphs 1-28 are incorporated by reference.

30. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

31. Defendant BOP is a federal agency subject to FOIA.

32. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

33. Defendant BOP has failed to conduct a reasonable search for records responsive to the request.

34. Defendant BOP has failed to issue a determination within the statutory deadline.

35. Defendant BOP has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

   i. declare that Defendants have violated FOIA;

   ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

   iii. enjoin Defendants from withholding non-exempt public records under FOIA;

   iv. award Plaintiff attorneys' fees and costs; and

   v. award such other relief the Court considers appropriate.

Dated: March 10, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
DANIEL FERNANDEZ

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com