UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL FERNANDEZ,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, et al.

Defendants.

Civil Action No. 26-0841(AHA)

## **ANSWER**

Defendants the Federal Bureau of Prisons and the United States Department of Justice, ("Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiff Daniel Fernandez ("Plaintiff"). *See* Compl. (ECF No. 1). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. Defendants admit that the Plaintiff submitted a FOIA request on September 19, 2024. The remainder of this paragraph consists of Plaintiff's characterizations of his lawsuit and the FOIA request to which no response is required. To the extent a response is deemed required,

Defendants aver that the FOIA request speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## PARTIES[1]

2.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3.    Defendants admit.

4.    Defendants admit.

### JURISDICTION AND VENUE

5.    The allegations in this Paragraph consist of conclusions of law regarding

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction subject to the terms and limitations of FOIA.

6. This paragraph contains conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

### SEPTEMBER 19, 2024 FOIA REQUEST TO BOP

7. Defendants admit that the Bureau of Prisons received a FOIA request from Plaintiff dated September 19, 2024. The remainder of this paragraph consists of Plaintiff's characterizations of the request, to which no response is required. To the extent a response is deemed required, Defendants aver that the FOIA request speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

8. Defendants admit that the Bureau of Prisons received a FOIA request from Plaintiff dated September 19, 2024. The remainder of this paragraph consists of Plaintiff's characterizations of the request, to which no response is required. To the extent a response is deemed required, Defendants aver that the FOIA request speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

9. Defendants admit that the Bureau of Prisons acknowledged receipt of a FOIA request on September 24, 2024, with the assigned reference number 2024-05789. Defendants aver that the document speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

10. Defendants admit that the Bureau of Prisons acknowledged receipt of a FOIA request on September 24, 2024, with the assigned reference number 2024-05789. Defendants aver that the document speaks for itself and is the best evidence of its contents and deny any allegations

inconsistent therewith.

11. Defendants admit that the Bureau of Prisons received an email dated September 25, 2024, from Plaintiff. Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any inconsistent allegations therewith.

12. Defendants lack sufficient information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Defendants admit that Bureau of Prisons received an email dated October 7, 2024, from Plaintiff. Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any inconsistent allegations therewith.

14. Defendants admit that the Bureau of Prisons sent an email on October 7, 2024, to Plaintiff. Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

15. Defendants admit that the Bureau of Prisons sent an email on October 7, 2024, to Plaintiff. Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

16. Defendants admit that the Bureau of Prisons received an email dated October 15, 2024, from Plaintiff. Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any inconsistent allegations therewith.

17. Defendants admit that the Bureau of Prisons received an email dated December 2, 2024, from Plaintiff. Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any inconsistent allegations therewith.

18. Defendants admit that the Bureau of Prisons received an email dated January 16, 2025, from Plaintiff. Defendants aver that the email speaks for itself and is the best evidence of

its contents and deny any inconsistent allegations therewith.

19.    Defendants admit that the Bureau of Prisons sent an email on January 16, 2025, to Plaintiff.  Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

20.    Defendants admit that the Bureau of Prisons received an email dated February 12, 2025, from Plaintiff.  Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any inconsistent allegations therewith.

21.    Defendants admit that the Bureau of Prisons sent an email on February 21, 2025, to Plaintiff.  Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

22.    Defendants admit that the Bureau of Prisons received an email dated July 22, 2025, from Plaintiff.  Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any inconsistent allegations therewith.

23.    Defendants admit that the Bureau of Prisons sent an email on August 12, 2025, to Plaintiff.  Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

24.    Defendants admit that the Bureau of Prisons received an email dated January 21, 2026, from Plaintiff.  Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any inconsistent allegations therewith.

25.    Defendants admit that the Bureau of Prisons sent an email on February 12, 2026, to Plaintiff.  Defendants aver that the email speaks for itself and is the best evidence of its contents and deny any allegations inconsistent therewith.

26.    Defendants admit.

5

27.    Defendants admit that the Bureau of Prisons has not yet issued a final response to Plaintiff.

28.    Defendants admit that the Bureau of Prisons has not yet issued a final response to Plaintiff.

## COUNT I – BOP'S FOIA VIOLATION

29.    Defendants fully incorporate paragraphs 1-28 of their Answer by reference herein.

30.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

31.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendants admit that the Bureau of Prisons is a federal agency subject to FOIA.

32.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

33.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent that a response is required, Defendants admit that the Bureau of Prisons has not yet issued a final response to Plaintiff.

34.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent that a response is required, Defendants admit that the Bureau of Prisons has not yet issued a final response to Plaintiff.

35.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent that a response is required, Defendants admit that the Bureau of Prisons has not yet issued a final response to Plaintiff.

## PRAYER FOR RELIEF

The remainder of the complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

Plaintiff's requests fail to comply with the requirements of FOIA to the extent they fail to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendants to search for, review, redact, and release any responsive records.

## THIRD DEFENSE

FOIA does not provide for declaratory relief against a federal agency.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## FIFTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

### SIXTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

### SEVENTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

### EIGHTH DEFENSE

At all times, Defendant acted in accordance with the law.

### NINTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

\*   \*   \*

8

9

Dated: April 27, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:           */s/ Robert J. Morris, II*
       ROBERT J. MORRIS, II
       D.C. Bar #1719434
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2534
       robert.morris@usdoj.gov

*Attorneys for the United States of America*